

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00372-CV

## IN THE INTEREST OF J.M. AND J.G., CHILDREN

**From the 474th District Court**
**McLennan County, Texas**
**Trial Court No. 2023-1884-6**

## MEMORANDUM  OPINION

Appeals in parental termination cases are accelerated.  *See* TEX. R. APP. P. 28.4(a)(1). In an accelerated appeal, the notice of appeal is due within twenty days of the date the judgment is signed.  *See id.* at R. 26.1(b).  This deadline may be extended if, "within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)."  *Id.* at R. 26.3.  Furthermore, even if the party does not file a motion for extension of time to file the notice of appeal, a motion to extend time is implied when the party files a notice of appeal within the fifteen-day grace period provided by Rule 26.3.  *See id.*; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The final judgment in this parental rights termination case was signed on October 15, 2024. Father's deadline to file his notice of appeal was November 4, 2024, or, with an extension, on or before November 19, 2024. He filed his notice of appeal in the trial court one day late, on November 20, 2024.[1] On December 6, 2024, this Court notified Father that his appeal was subject to dismissal because it appeared that his notice of appeal was untimely. *See* TEX. R. APP. P. 42.3(a), 44.3. Father's counsel responded on December 10, 2024, by filing a motion for extension of time to perfect appeal in this Court.

In his motion, counsel explained that he untimely filed Father's notice of appeal because the trial court signed the final termination order approximately two weeks earlier than originally planned.[2] By the time Father decided he desired to appeal the final order, counsel acknowledges that he "did no[t] remember that the order had already been entered" and that he did not discover his mistake until November 20, 2024.[3]

Without a timely filed notice of appeal, we lack jurisdiction to consider the merits of the appeal. *See Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (concluding that filing a notice of appeal and motion for extension of time to file notice of appeal one

---

[1] Father also filed a motion for extension of time to perfect appeal in the trial court on November 20, 2024.

[2] The reporter's record reveals that at the conclusion of the final hearing on October 3, 2024, the trial court announced a separate "hearing to enter order" date of October 29, 2024.

[3] Counsel for Father does not assert that his filing was untimely because he did not receive notice of the trial court signing the final order on October 15, 2024. *See* TEX. R. CIV. P. 306(a); TEX. R. APP. P. 4.2(a) (providing an extended time to perfect appeal when a party affected by the judgment does not receive notice, or acquire actual knowledge, of the judgment within twenty days after the judgment is signed).

day late was "enough to deprive the appellate court of jurisdiction"). Accordingly, we dismiss this appeal for want of jurisdiction.[4] TEX. R. APP. P. 42.3(a).

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeal dismissed
Opinion delivered and filed December 30, 2024
[CV06]



---

[4] All pending motions are dismissed as moot.